Judge Robertson
delivered the opinion of the Court.
To revive a judgment in ejectment against several; some of whom have died, it would be sufficient to proceed by scire facias against the heirs of the dead, and all the terre-tenants; and in such proceeding it would not be necessary to name the tenants individually. If they are not all sued, they should plead in abatement. Cro. Eliz. 896; 2, Salk’d. 598; Ib; 600; 2, Sanders 7, n. 4; Cro. Ja. 506.
Whété the judgtrtént was against one who has since died, the scire facias may issue against his heirs alone, without the terre-tenants•, or without styling the heirs terH-tenants. The heirs are liable as tenants, and a scire facias against, the terre-tenants without the heirs, would be erroneous; and there could be no judgment against terre-tenants-, without the heirs, unless there is á return that there ate no heirs, or that they have no hinds; 2 Saunders; 8 n. 8. Bac. Abr. scire facias-, 418;
A judgment against one in a personal action, must be revived against his personal representatives, ot against them and the heirs.
But if the judgment be against several, one of whom is dead, it is soriiewhat questionable, whether a sire *210 facias must issue against the survivors as well as the representatives of the deceased. There is a contrariety of authority on this point. The scire facias being a judicial writ, it seems to be a general rule, that it must Conform to the judgment, and consequently issue against all the defendants.
There can be no exception to this rule, when all the defendants are living, and when the reason of the sire facias, is that more than a year has elapsed since the judgment, without execution*
But if one of several defendants shall have died after judgment in a personal action, the judgment survives, and execution may issue against the survivor* To make him liable to execution, therefore, a scire facias is not necessary. It is only necessary to authorize execution against the representatives of the deceased. After judgment against two, if one die, the plaintiff has three remedies; 1st. Execution against the survivor. 2d. Scire facais to revive. Or 3d. An action of debt on the judgment. Debt cannot be brought' against the survivor, and the representatives of the deceased. It may be maintained against either: but Cannot against both.
It would seem therefore by analogy, that a scire facias, could be maintained only against the representatives: and such was the decision, in the case of Johnson’s executor, vs. Deason, 3d Bibb, 260.
But it is said in general terms, that the scirefacias must conform to the judgment and therefore, must issue against (he survivor, and the representatives; 2d. Salkeld 598; 2 Tidd, 1008; 3 Marshall, 410.
We are inclined to the opinion-that the case in 3 Bibb, Contains the true doctrine, and that the last authorities cited, have been misapplied, or the reason for the doctrine maintained by them, was peculiar to England and does not exist here. The only reason for this anomalous decision of the law, which we have been able to perceive, is, that as land in England could not be sold for debt; but could only be extended by, elegü, and as the heir could only be subjected, by a judgment against his ancestor, and another, to an extent for one moiety of the debt, therefore the plaintiff *211 could not recover by execution against him, his whole judgment, and consequently, if he proceeded by scire facias against him, he must also include the survivor, so as to have execution for his whole judgment; 2 Saunders, 72 p; 2 Tidd, 1028; Ib, 1033. These authorities clearly shew, that the judgment in England, survived against the personalty, but not against the realty, and therefore if the plaintiff chose to make his judgment out of the personal estate, he migbtissue execution against the survivor, without scire facias; but that if he wished to make the real estate liable, he was bound to revive the judgment by a scire facias against the survivors and heirs, because the land of neither could be extended for more than a moiety of the judgment. See also 3 Bac. Abr. 698; 4 Ib, 419.
In addition to this, it is material to notice, that Tidd, when in page 10.08, he says, that to revive a judgment against two, the scire facias must.issue against both, is speaking of a scire facias to revive a judgment after a year and a day, and not a scire facias to revive a judgment abated by the death of one of the defendants; and there can be no doubt, that a joint judgment against several, who are all living, must, after a year, be revived against all.
•These considerations, incline us strongly to the opinion, that in a personal judgment, against two, one of whom dies before execution, it is not necessary or proper to issue a scire facias to revive against the survivor and representatives. But as this doctrine is not material to the decision of this case, it need not be pursued further, nor definitively settled now, by this court. Whatever the law on this subject may be, ia personal actions, there is no doubt, that in real actions or in ejectments to recover land, when a judgment has been obtained against two, one of whom has died, a scire facias must issue against the heirs of the deceased defendant, and against the survivor or the terre-tenants.
In this case Wilson obtained judgment in ejectment against Hayden and Griffith; before execution, Griffith died. The scire facias is against Griffith’s heirs alone. The first that issued, was served on Hayden; but as it did not issue against him, the service was a nullity. Those which issued afterwards, included him;. *212 but were not served on him, by order of the plaintiff. Therefore he was not made a defendant. This is a. fatal error, He did not appear, and the judgment for execution, was by default, If any scire facias, in which he was included, had been served on him, he would have been made a party, and could not object that he was not included in the first; 2 Saunders, 10 n. 11.
A scire facias, to revive a judgment in ejectment, must show that the term has not expired.
Hanson, for appellant; Feemster, for appellee.
There is another defect ip the scire facias. It issut d to have execution for the. term, bat does not shew that the term had not expired; as a scire facias is a species of action, it must like a declaration, contain every averment, necessary to shew that the plaintiff has a right to revive the judgment, if the term be ended, the judgment is ineffectual, and no execution can issue. Itis therefore indispensable, that the scire facias shall shew that the term has not expired.
Because therefore, the term is not set out, and Hayden is not made a defendant, the judgment of th$ circuit court is reversed.